JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar Number 7709
BIANCA R. PUCCI
Assistant United States Attorney
Nevada Bar Number 16129
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Bianca.Pucci@usdoj.gov
*Attorneys for the United States*

FILED ___ RECEIVED
ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

OCT 3 1 2023

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ARI SHAQUILLE WILSON,

Defendant.

No. 2:23-cr-00073-RFB-BNW

**Plea Agreement for Defendant
Ari Shaquille Wilson Pursuant to Fed. R.
Crim. P. 11(c)(1)(A) and (B)**

This plea agreement between Ari Shaquille Wilson ("defendant") and the United States Attorney's Office for the District of Nevada (the "USAO") sets forth the parties' agreement regarding the criminal charges referenced herein and the applicable sentences, fines, and forfeiture in the above-captioned case. This agreement binds only defendant and the USAO and does not bind the district court, the U.S. Probation Office, or any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities. This agreement does not prohibit the USAO or any agency or third party from seeking any other civil or administrative remedies, including administrative forfeiture or civil forfeiture *in rem* actions, directly or indirectly against defendant or defendant's property.

This agreement becomes effective upon signature by defendant, defendant's counsel, and an Assistant United States Attorney.

## I. DEFENDANT'S OBLIGATIONS

1. Defendant agrees to:

   a. At the earliest opportunity requested by the USAO and provided by the district court, appear and plead guilty to Count One of the superseding information in this case, which charges defendant with Illegal Acquisition of Firearms, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2);

   b. Stipulate to the facts agreed to in this agreement;

   c. Abide by all agreements regarding sentencing contained in this agreement;

   d. Not seek to withdraw defendant's guilty plea once it is entered;

   e. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

   f. Not commit any federal, state, or local crime;

   g. Be truthful at all times with the U.S. Probation and Pretrial Services Offices and the Court;

   h. Before and after sentencing, upon request by the Court, the USAO, or the Probation Office, provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning defendant's assets and defendant's ability to pay. As part of the required disclosure, defendant agrees to provide any and all financial information and authorizations requested by the Probation Office for preparation of the Presentence Report. Defendant further agrees that, upon filing of this agreement, the USAO is authorized to obtain defendant's credit report. Defendant will also complete a financial form provided by the USAO, to include all supporting documentation, and return it to the USAO

2

1   within ten (10) days from entry of the plea. Defendant agrees that the district court may enter

2   any order necessary to effectuate or facilitate disclosure of defendant's financial information.

3           i.      To facilitate payment of any fine, restitution, or assessment, surrender

4   assets defendant obtained directly or indirectly as a result of defendant's crimes. Defendant

5   agrees to voluntarily release funds and property under defendant's control or in which defendant

6   has any property interest, before and after sentencing, to pay any fine or restitution identified in

7   this agreement, agreed to by the parties, or ordered by the Court.

8           j.      The forfeiture of the property and the imposition of the forfeiture of the

9   property as set forth in this plea agreement and the Forfeiture Allegation of the Superseding

10  Criminal Information.

11  **II. THE USAO'S OBLIGATIONS**

12      2.    The USAO agrees to:

13          a.      Stipulate to facts agreed to in this agreement;

14          b.      Abide by all agreements regarding sentencing contained in this agreement;

15          c.      At sentencing, provided that defendant demonstrates an acceptance of

16  responsibility for the offense up to and including the time of sentencing, recommend a two-level

17  reduction in the applicable sentencing guidelines offense level, pursuant to USSG § 3E1.1, and

18  move for an additional one-level reduction if available under that section;

19          d.      At sentencing, move to dismiss the remaining counts of the indictment as

20  against defendant. Defendant agrees, however, that the district court may consider any dismissed

21  charges in determining the applicable sentencing guidelines range, the propriety and extent of

22  any departure from that range, and the sentence to be imposed.

23

24

### III. ELEMENTS OF THE OFFENSE

3.    <u>Count One</u>: The elements of Illegal Acquisition of Firearms under 18 U.S.C. § 922(a)(6), are as follows:

<u>First</u>:    Ventura Munitions, Lock N Load Tactical, Guard Bees Firearms Training, Freedom Firearms, and Big Gun gun stores (collectively "the FFLs") were each a licensed firearms dealer;

<u>Second</u>:    in connection with acquiring and attempting to acquire the specified firearms in the information from the FFLs, the defendant made a false statement;

<u>Third</u>:    the defendant knew the statement was false; and

<u>Fourth</u>:    the false statement was material; that is, the false statement had a natural tendency to influence or was capable of influencing the FFLs into believing that the firearms could be lawfully sold to the defendant.

*See* Ninth Circuit Model Criminal Jury Instruction 14.8 (2022 ed.)

### IV. CONSEQUENCES OF CONVICTION

4.    <u>Maximum Statutory Penalties</u>:

a.    Defendant understands that the statutory maximum sentence the district court can impose for a violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2) as charged in Count One through Six, is: 10 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

5.    <u>Criminal Forfeiture</u>: Defendant understands that the district court will impose the forfeiture of the property.

4

6.  Parole Abolished: Defendant acknowledges that defendant's prison sentence cannot be shortened by early release on parole because parole has been abolished.

7.  Supervised Release: Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.  Factors under 18 U.S.C. § 3553: Defendant understands that the district court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence. However, the statutory maximum sentence limit the district court's discretion in determining defendant's sentence.

9.  Potential Collateral Consequences of Conviction: Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the district court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

1        10.   <u>Potential Removal/Deportation Consequences of Conviction</u>: Defendant

2   understands that, if defendant is not a United States citizen, the felony conviction in this case

3   may subject defendant to removal, also known as deportation, which may, under some

4   circumstances, be mandatory; denial of citizenship; and denial of admission to the United States

5   in the future. The district court cannot advise defendant fully regarding the immigration

6   consequences of the felony conviction in this case, but defendant's attorney has advised him

7   about the deportation risks of his guilty plea. Defendant understands that unexpected

8   immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

9                 **V. FACTUAL BASIS**

10        11.   Defendant admits that defendant is, in fact, guilty of the offense to which

11   defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to

12   trial instead of pleading guilty, the USAO could prove defendant's guilt beyond a reasonable

13   doubt and establish its right to forfeit the specified property by preponderance of the evidence.

14   Defendant further acknowledges that defendant's admissions and declarations of fact set forth

15   below satisfy every element of the charged offense. Defendant waives any potential future claim

16   that the facts defendant admitted below are insufficient to satisfy the elements of the charged

17   offense. Defendant admits and declares under penalty of perjury that the facts set forth below are

18   true and correct:

19        On January 16, 2023, at Ventura Munitions (FFL-1), defendant filled out an ATF Form

20   4473 to acquire two Century Arms, model BFT 47, 7.62 x 39 caliber rifles, bearing serial

21   numbers BFT47001774 and BFT47008217; and four Century Arms, model VSKA, 7.62 x 39

22   caliber rifles, bearing serial numbers SV7080521, SV7079180, SV7078223, and SV7080000.

23        On January 17, 2023, at Lock N Load Tactical (FFL-2), defendant filled out an ATF

24   Form 4473 to acquire two Century Arms, model VSKA, 7.62 x 39 caliber rifles bearing serial

1   numbers SV7064016 and SV7082523; and one Zastava Arms, model ZPAPM70, 7.62 x 39

2   caliber rifle bearing serial number Z70-138769.

3        On January 19, 2023, at Guard Bees Firearms Training (FFL-3), defendant filled out an

4   ATF Form 4473 to acquire one Century Arms, VSKA, 7.62 x 39 caliber rifle bearing serial

5   number SV7105564.

6        On January 24, 2023, at Freedom Firearms (FFL-4), defendant filled out an ATF Form

7   4473 to acquire one Century Arms, model VSKA, 7.62 x 39 rifles bearing serial number

8   SV7123351.

9        On January 25, 2023, at Freedom Firearms (FFL-4), defendant filled out an ATF Form

10   4473 to acquire one Century Arms, model VSKA, 7.62 x 39 rifles bearing serial number

11   SV71123547.

12        On January 24, 2023, at Big Gun (FFL-5), defendant filled out an ATF Form 4473 to

13   acquire one Century Arms, model C39V2, 7.62 x 39 rifle, bearing serial number C39V2A29544;

14   and one Century Arms, model BFT47, 7.62 x 39 rifle, bearing serial number BFT47017260.

15        Each of the five above-mentioned gun stores were licensed firearms dealers. On each of

16   the ATF Form 4473s defendant filled out identified above, defendant made the false statement

17   that he was the actual buyer of the identified firearms, when he knew he was purchasing the

18   firearms for another person. Defendant knew the statements were false. Defendant knew that the

19   false statements would influence the sellers into believing that the firearms could legally be sold

20   to defendant.

21        Defendant purchased the firearms for two other individuals. Defendant knew that

22   Individuals 1 and 2 were "cartel types" and "real gangsters." Defendant knew Individual 2 to be

23   an illegal alien in the United States. Defendant further knew that Individuals 1 and 2 were

24   driving in from California into Nevada to pick up the firearms from defendant and transport the

1   firearms outside of Nevada. Defendant transferred the nine firearms purchased at FFL-1 and

2   FFL-2 to Individuals 1 and 2 in January of 2023. Therefore, defendant knew or had reason to

3   know that his conduct would result in the transport, transfer, or disposal of a firearm to an

4   individual whose possession or receipt of the firearm would be unlawful; or who intended to use

5   or dispose of the firearm unlawfully. Defendant knew or had reason to believe that the offense

6   would result in the transfer of a firearm to a prohibited person.

7        Each of the firearms defendant purchased and transferred to the two individuals

8   contained a high-capacity magazine.

9        All of the aforementioned conduct occurred in the State and Federal District of Nevada.

## VI. SENTENCING FACTORS

11       12.   <u>Discretionary Nature of Sentencing Guidelines</u>: Defendant understands that in

12   determining defendant's sentence, the district court is required to calculate the applicable

13   sentencing guidelines range and to consider that range, possible departures under the sentencing

14   guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant

15   understands that the sentencing guidelines are advisory only, that defendant cannot have any

16   expectation of receiving a sentence within the calculated sentencing guidelines range, and that

17   after considering the sentencing guidelines and the other § 3553(a) factors, the district court will

18   be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum

19   set by statute for the crime of conviction.

20       13.   <u>Offense Level Calculations</u>: The parties jointly agree and stipulate that, in

21   calculating defendant's advisory guidelines sentencing range, the Court should use the following

22   base offense level and adjustments; acknowledge that these stipulations do not bind the district

23   court; and agree that they will not seek to apply or advocate for the use of any other base offense

24

1  level(s) or any other specific offense characteristics, enhancements, or reductions in calculating

2  the advisory guidelines range:

3        Base Offense Level USSG § 2K2.1(a)(4):          20

4        At least 8 and up to 24 Firearms USSG § 2K2.1 (b)(1)(B):    +4

5        <u>Trafficking of Firearms USSG § 2K2.1(b)(5):</u>        +4

6                Adjusted Offense Level:        28

7      14.   <u>Reduction for Acceptance of Responsibility</u>: Under USSG § 3E1.1(a), the USAO

8  will recommend that defendant receive a two-level downward adjustment for acceptance of

9  responsibility unless defendant (a) fails to truthfully admit facts establishing a factual basis for the

10  guilty plea when defendant enters the plea; (b) fails to truthfully admit facts establishing the

11  amount of restitution owed when defendant enters the guilty plea; (c) fails to truthfully admit

12  facts establishing the forfeiture allegations when defendant enters the guilty plea; (d) provides

13  false or misleading information to the USAO, the Court, Pretrial Services, or the Probation

14  Office; (e) denies involvement in the offense or provides conflicting statements regarding

15  defendant's involvement or falsely denies or frivolously contests conduct relevant to the offense;

16  (f) attempts to withdraw defendant's guilty plea; (g) commits or attempts to commit any crime;

17  (h) fails to appear in court; or (i) violates the conditions of pretrial release.

18      Under USSG § 3E1.1(b), if the district court determines that defendant's total offense

19  level before operation of § 3E1.1(a) is 16 or higher, and if the USAO recommends a two-level

20  downward adjustment pursuant to the preceding paragraph, the USAO will move for an

21  additional one-level downward adjustment for acceptance of responsibility before sentencing

22  because defendant communicated defendant's decision to plead guilty in a timely manner that

23  enabled the USAO to avoid preparing for trial and to efficiently allocate its resources.

24

15.   <u>Criminal History Category</u>: Defendant acknowledges that the district court may base defendant's sentence in part on defendant's criminal record or criminal history. The district court will determine defendant's criminal history category under the sentencing guidelines.

16.   <u>Additional Sentencing Information</u>: The stipulated sentencing guidelines calculations are based on information now known to the parties. Defendant understands that both defendant and the USAO are free to (a) supplement the facts in this agreement by supplying relevant information to the U.S. Probation and Pretrial Services Offices and the district court regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the district court's sentencing guidelines calculations and determination of sentence. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the U.S. Probation and Pretrial Services Offices and the district court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for defendant to withdraw defendant's guilty plea.

Defendant acknowledges that the U.S. Probation Office may calculate the sentencing guidelines differently and may rely on additional information it obtains through its investigation. Defendant also acknowledges that the district court may rely on this and other additional information as it calculates the sentencing guidelines range and makes other sentencing determinations, and the district court's reliance on such information shall not be grounds for defendant to withdraw defendant's guilty plea.

## VII. POSITIONS REGARDING SENTENCING

17.     The USAO will recommend that the district court sentence defendant to no more than 57 months in custody. Defendant may argue for a downward variance pursuant to 18 U.S.C. § 3553.

18.     Defendant acknowledges that the district court does not have to follow the recommendation of either party.

19.     Notwithstanding its agreement to recommend a sentence as described above, the USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

20.     If defendant commits any act that results in the Court finding that defendant is not entitled to a downward adjustment for acceptance of responsibility, the USAO is entitled to argue for any sentence it deems appropriate under 18 U.S.C. § 3553(a). In any such event, Defendant remains bound by the provisions of this agreement and shall not have the right to withdraw defendant's guilty plea.

## VIII. WAIVER OF CONSTITUTIONAL RIGHTS

21.     Defendant understands that by pleading guilty, defendant gives up the following rights:

a.     The right to persist in a plea of not guilty;

b.     The right to a speedy and public trial by jury;

c.     The right to be represented by counsel—and if necessary have the court appoint counsel—at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel—and if necessary have the court appoint counsel—at every other stage of the proceeding;

d. The right to be presumed innocent and to have the burden of proof placed on the USAO to prove defendant guilty beyond a reasonable doubt;

e. The right to confront and cross-examine witnesses against defendant;

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify;

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant; and

h. The right to pursue any affirmative defenses; Fourth Amendment or Fifth Amendment claims; any other pretrial motions that have been or could have been filed; and challenges to any adverse pre-trial rulings (unless specifically reserved in the following section).

## IX. WAIVER OF APPELLATE RIGHTS

22. <u>Waiver of Appellate Rights</u>: Defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the district court; (b) the right to appeal the manner in which the district court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction, including but not limited to the constitutionality of the statutes of conviction; any other aspect of the sentence, including but not limited to the constitutionality of any mandatory or standard conditions of supervised release; and any order of restitution or forfeiture.

23. Defendant reserves only the right to appeal any portion of the sentence that is an upward departure or variance from the applicable Sentencing Guideline range as determined by the district court.

24. <u>Waiver of Post-Conviction Rights</u>: Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's

1 conviction, sentence, and the procedure by which the district court adjudicated guilt and

2 imposed sentence, except non-waivable claims of ineffective assistance of counsel.

3      25.   <u>Preservation of Evidence</u>: Defendant acknowledges that the USAO and the

4 agencies investigating this case are not obligated or required to preserve any evidence obtained in

5 the investigation of this case.

6 **X. FORFEITURE**

7      26.   Defendant knowingly and voluntarily:

8          a.   Agrees to the district court imposing the civil judicial forfeiture and the

9 criminal forfeiture of:

10                i.   One (1) Century Arms, VSKA, 7.62 x 39 caliber rifle bearing serial

11                   number SV7105564;

12               ii.   One (1) Century Arms, model VSKA, 7.62 x 39 rifles bearing serial

13                   number SV7123351;

14              iii.   One (1) Century Arms, model VSKA, 7.62 x 39 rifles bearing serial

15                   number SV71123547;

16              iv.   One (1) Century Arms, model C39V2, 7.62 x 39 rifle, bearing serial

17                   number C39V2A29544;

18                v.   One (1) Century Arms, model BFT47, 7.62 x 39 rifle, bearing serial

19                   number BFT47017260;

20               vi.   any and all compatible ammunition

21 (all of which constitutes property);

22          b.   Agrees to the civil judicial forfeiture and the criminal forfeiture of the

23 property;

24          c.   Forfeits the property to the United States;

1            d.        Relinquishes all possessory rights, ownership rights, and all rights, titles,

2 and interests in the property;

3            e.        Waives defendant's right to any civil judicial forfeiture proceedings and any

4 criminal forfeiture proceedings of the property (proceedings);

5            f.        Waives service of process of any and all documents filed in this action and

6 any proceedings concerning the forfeiture of the property arising from the facts and

7 circumstances of this case;

8            g.        Waives any further notice to defendant, defendant's agents, and

9 defendant's attorney regarding the forfeiture and disposition of the property;

10            h.        Agrees not to file any claim, answer, petition, and other documents in any

11 proceedings concerning the property; agrees not to contest, and agrees not to assist any other

12 person and entity to contest, the forfeiture; and agrees to withdraw immediately any claim,

13 answer, petition, and other documents in any proceedings;

14            i.        Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim.

15 P. 7, 11, 32.2, and 43(a), including, but not limited to, forfeiture notice in the charging

16 document, the court advising defendant of the forfeiture at the change of plea, the court having a

17 forfeiture hearing, the court making factual findings regarding the forfeiture, the court

18 announcing the forfeiture at the change of plea and sentencing, the court attaching the forfeiture

19 order to the Judgment in a Criminal Case, and any and all constitutional, statutory, legal,

20 equitable rights, defenses, and claims regarding the property in any proceedings, including, but

21 not limited to, double jeopardy and due process under the Fifth Amendment to the United States

22 Constitution;

23

24

14

1    j.    Waives all constitutional, statutory, legal, equitable rights, defenses, and

2  claims regarding the property in any proceedings, including, but not limited to, a jury trial under

3  the Sixth Amendment to the United States Constitution;

4    k.    Waives any and all constitutional, statutory, legal, equitable rights,

5  defenses, and claims regarding the property in any proceedings, including, but not limited to,

6  excessive fines clause and cruel and unusual punishments clause under the Eighth Amendment

7  to the United States Constitution;

8    l.    Waives any and all constitutional, statutory, legal, equitable rights,

9  defenses, and claims to the property in any proceedings under *Honeycutt v. United States*, 581 U.S.

10  443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18

11  F.4th 313 (9th Cir. 2021);

12    m.    Agrees to the entry of an Order of Forfeiture of the property to the United

13  States;

14    n.    Waives the right to appeal any Order of Forfeiture;

15    o.    Agrees the property is forfeited to the United States and can be taken into

16  custody immediately by the USAO;

17    p.    Agrees and understands the civil administrative forfeiture, the civil judicial

18  forfeiture, and the criminal forfeiture of the property shall not be treated as satisfaction of any

19  assessment, fine, restitution, cost of imprisonment, and any other penalty the Court may impose

20  upon defendant in addition to the forfeiture;

21    q.    Agrees and understands that on the government's motion, the court may at

22  any time enter an order of forfeiture or amend an existing order of forfeiture to include

23  subsequently located property or substitute property under Fed. R. Crim. P. 32.2(b)(2)(A) and

24  (C) and 32.2(e);

1          r.      Acknowledges the amount of the forfeiture may differ from, and may be

2   significantly greater than or less than, the amount of restitution;

3          s.      Agrees to take all steps as requested by the USAO to pass clear title of any

4   forfeitable assets to the United States and to testify truthfully in any judicial forfeiture

5   proceedings. Defendant understands and agrees that the property represents facilitating property

6   of illegal conduct and is forfeitable; and

7          t.      Admits the property is any firearm or ammunition involved in or used in

8   any knowing violation of 18 U.S.C. § 922(a)(6) and is subject to forfeiture under 18 U.S.C. §

9   924(d)(1) with 28 U.S.C. § 2461(c).

## XI. RESULT OF WITHDRAWAL OF GUILTY PLEA
## OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTION

27.    Consequence of Withdrawal of Guilty Plea: Defendant agrees that if, after

entering guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in

withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into

this agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under

this agreement and (b) should the USAO choose to pursue any charge that was either dismissed

or not filed as a result of this agreement, or that the government agreed to move to dismiss at

sentencing as part of this agreement, or that the government agreed to move to dismiss at

sentencing as part of this agreement, then (i) any applicable statute of limitations will be tolled

between the date of defendant's signing of this agreement and the filing commencing any such

action; and (ii) defendant waives and gives up all defenses based on the statute of limitations,

any claim of pre-indictment delay, or any speedy trial claim with respect to any such action,

except to the extent that such defenses existed as of the date of defendant's signing this

agreement.

16

28.   <u>Consequence of Vacatur, Reversal, or Set-aside</u>: Defendant agrees that if defendant's conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement, except that, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## XII. BREACH OF AGREEMENT

29.   Defendant agrees that if, at any time after this agreement becomes effective, defendant knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the district court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will remain bound by the provisions of this agreement and will not be able to withdraw the guilty plea; and (b) the USAO will be relieved of all its obligations under this agreement.

30.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge contained in the indictment, or that was either dismissed or not filed as a result of this agreement, or that the government agreed to move to dismiss at sentencing as part of this agreement, then:

a.     Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.     Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.     Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Federal Rule of Evidence 410, Federal Rule of Criminal Procedure 11(f), or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## XIII. COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

31.     Defendant understands that the Court and the U.S. Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

32.     Defendant understands that both defendant and the USAO are free to argue on appeal and collateral review that the district court's sentencing guidelines calculations and the sentence it chooses to impose are not error.

33.     Defendant understands that even if the district court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to by the parties, or imposes any sentence up to the maximum established by statute, defendant cannot, for that

1 reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all

2 defendant's obligations under this agreement. Defendant understands that no one—not the

3 prosecutor, defendant's attorney, or the Court—can make a binding prediction or promise

4 regarding the sentence defendant will receive, except that it will be within the statutory

5 maximum.

6 ## XIV. ADDITIONAL ACKNOWLEDGMENTS

7    34.    Defendant acknowledges that:

8        a.    Defendant read this agreement and defendant understands its terms and

9 conditions.

10        b.    Defendant had adequate time to discuss this case, the evidence, and this

11 agreement with defendant's attorney.

12        c.    Defendant carefully and thoroughly discussed all terms of this agreement

13 with defendant's attorney.

14        d.    Defendant understands the terms of this agreement and voluntarily agrees

15 to those terms.

16        e.    Defendant has discussed with defendant's attorney the following: the

17 evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that

18 might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. § 3553(a);

19 the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

20        f.    The representations contained in this agreement are true and correct,

21 including the factual basis for defendant's offense set forth in this agreement.

22        g.    Defendant was not under the influence of any alcohol, drug, or medicine

23 that would impair defendant's ability to understand the agreement when defendant considered

24 signing this agreement and when defendant signed it.

35.     Defendant understands that defendant alone decides whether to plead guilty or go to trial, and acknowledges that defendant has decided to enter defendant's guilty plea knowing of the charges brought against defendant, defendant's possible defenses, and the benefits and possible detriments of proceeding to trial.

36.     Defendant understands that no promises, understandings, or agreements other than those set forth in this agreement have been made or implied by defendant, defendant's attorney, or the USAO, and no additional promises, agreements, or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the district court.

37.     Defendant acknowledges that defendant decided to plead guilty voluntarily and that no one threatened, coerced, or forced defendant to enter into this agreement.

38.     Defendant is satisfied with the representation of defendant's attorney, and defendant is pleading guilty because defendant is guilty of the charges and chooses to take advantage of the promises set forth in this agreement and for no other reason.

## XV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

39.    The parties agree that this agreement will be considered part of the record of

defendant's guilty plea hearing as if the entire agreement had been read into the record of the

proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF NEVADA

JASON M. FRIERSON
United States Attorney

_____          10/16/2023
BIANCA R. PUCCI                           Date
Assistant United States Attorney


/s/ Ari Shaquille Wilson _____   10/16/23
ARI SHAQUILLE WILSON                      Date
Defendant


/s/ Keisha K. Matthews _____   10/16/23
KEISHA MATTHEWS                           Date
Attorney for Defendant Ari Shaquille Wilson